# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 12-10363 ABC (Ex) | Date | May 1, 2013 |
|---|---|---|---|
| Title | Wayne Nygaard, et al. v. Shane Duffy, et al. | | |

| Present: The Honorable | Audrey B. Collins | | |
|---|---|---|---|
| Angela Bridges | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

None  None

**Proceedings:** ORDER DENYING Defendants' Motion to Dismiss Pursuant to F.R.C.P. 12(b)(1) and 12(b)(6) or in the Alternative to Stay Proceedings (In Chambers)

Pending before the Court is Defendants Shane Duffy, Tim O'Mara, Missy Valdez, Casper Van Dien, and Mucho Dinero Films, LLC's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(1) and 12(b)(6) or in the Alternative to Stay Proceedings Pending Resolution of Claims Before the California Labor Commissioner, filed on April 10, 2013. (Docket No. 14.) Plaintiffs Wayne Nygaard, Russell Nielsen, Mark Manders, Alan Taylor, and William Moorhead opposed on April 22, 2013 (Docket No. 19), and Defendants replied on April 29, 2013. (Docket No. 21.) The Court finds this matter appropriate for resolution without oral argument and VACATES the hearing date. Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons below, the motion is DENIED in its entirety.

Plaintiffs bring claims under the California Labor Code and the Fair Labor Standards Act (the only federal claim). Defendants ask the Court to dismiss the only federal claim and either dismiss the state claims without prejudice or stay them.

## LEGAL STANDARD

A complaint survives a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) if it contains a "short and plain statement of the claim showing that the pleader is entitled to relief," which does not require "detailed factual allegations," but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009). A claim must be "plausible on its face," which means that the Court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.; see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Allegations of fact are taken as true and construed in the light most favorable to the nonmoving party. See Newdow v. Lefevre, 598 F.3d 638, 642 (9th Cir. 2010).

In analyzing the sufficiency of the complaint, the Court must first look at the requirements of the causes of action alleged. See Iqbal, 556 U.S. at 675. The Court may then identify and disregard any legal conclusions, which are not subject to the requirement that the Court must accept as true all of the allegations contained in the complaint. Id. at 678. The Court must then decide whether well-pleaded factual allegations, when assumed true, "plausibly give rise to an entitlement to relief." Id. at 679. In

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10363 ABC (Ex) | Date | May 1, 2013 |
|---|---|---|---|
| Title | Wayne Nygaard, et al. v. Shane Duffy, et al. | | |

doing so, the Court may not consider material beyond the pleadings, but may consider judicially noticeable documents, documents attached to the complaint, or documents to which the complaint refers extensively or which form the basis of the plaintiff's claims in the complaint. See United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

**DISCUSSION**

Setting aside Defendants' groundless complaints that Plaintiffs' counsel have engaged in bad faith litigation tactics, the motion rests on the two arguments discussed below.[1]

### A. Whether Plaintiffs Were Employees Or Independent Contractors Is a Question of Fact

First, Defendants argue that Plaintiffs are not employees, but independent contractors, relying on the factors articulated in Real v. Driscoll Strawberry Assoc., Inc., 603 F.2d 748, 754-55 (9th Cir. 1979) (reversing district court's grant of summary judgment because "the record demonstrates the existence of genuine factual issues concerning whether Driscoll is an 'employer' of the appellants, within the meaning of the FLSA"). Those factors include (1) the degree of the alleged employer's right to control the manner in which the work is to be performed; (2) the alleged employee's opportunity for profit or loss depending upon his managerial skill; (3) the alleged employee's investment in equipment or materials required for his task; (4) whether the service rendered requires a special skill; (5) the degree of permanence of the working relationship; and (6) whether the service rendered is an integral part of the alleged employer's business. Id. at 754.

The Complaint alleges "Defendants acted directly as the employer of Plaintiffs" and that Plaintiffs are discharged employees who have not been paid for their work. (Compl. ¶¶ 8-10.) Defendants ask the Court to weigh the Real factors and conclude that Plaintiffs were not employees because they only worked limited hours for a specific purpose for less than a day. There is no indication that the evidence Defendants request that the Court consider is judicially noticeable and other otherwise permissible on a motion to dismiss.[2] Whether Plaintiffs were "employees" or "independent contractors" is a factual issue that is not appropriate for resolution on a motion to dismiss. Harris v. Vector Mktg. Corp., 656 F.Supp.2d 1128, 1135 (N.D. Cal. 2009) ("Under California law, '[t]he determination of employee or independent-contractor status is one of fact if dependent upon the resolution of disputed

---

[1] Defendants' motion is untimely but will not be disposed of on that ground.

[2] Plaintiffs also submit evidence that is inadmissible at the motion to dismiss stage. See Docket No. 20, Ex. 1 (Declaration of Dean Bray, attaching 2010 Labor Commission Order awarding wages to Plaintiff Nygaard for her work as a Fire Safety Adviser for another film) and Ex. 2 (Declaration of Plaintiff William Moorhead). Defendants submit evidentiary objections to Plaintiffs' evidence that are likewise inappropriate at this stage. (Docket No. 21-1.) The Court cannot and has not considered the evidence or objections in its ruling.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10363 ABC (Ex) | Date | May 1, 2013 |
|---|---|---|---|
| Title | Wayne Nygaard, et al. v. Shane Duffy, et al. | | |

evidence or inferences. . . .") (citation omitted).

### B.     Plaintiffs Assert Both Minimum Wage and Overtime Claims

Second, Defendants claim that Plaintiffs "have admitted" they did not work overtime. (Mem. at 8.) Plaintiffs' Initial Reports or Claims filed with the Division of Labor Standards Enforcement suggest otherwise.[3] See Opp. at 3; Docket No. 14-2, Exs. 1-5 (Nygaard Report claims work for 14.5 hours and overtime; Russell Report claims 12.5 hours and overtime; Manders Report claims 13 hours and overtime; Taylor Report claims 13.5 hours and overtime; Moorhead Report claims 23 hours and overtime left blank). Because Plaintiffs' Complaint includes claims for unpaid minimum wages as well as overtime (Compl. ¶ 16; Opp. at 5), and Defendants do not challenge that the Fair Labor Standards Act applies to minimum wages, Plaintiffs have sufficiently stated a FLSA claim. Plaintiffs do not need to do more at this stage.

### CONCLUSION

Defendants' arguments would require the Court to make factual determinations which would be legally impermissible at the pleading stage. This should have been obvious to Defendants. The Court is also not impressed by defense counsel's allegations concerning Plaintiffs' bad faith litigation tactics. Defendants' request for stay pending resolution of the matters before the Division of Labor Standards Enforcement is not warranted because the DLSE's decision will not resolve all of the issues raised by the Complaint.

Accordingly, Defendants' motion to dismiss and request to stay proceedings are **DENIED**.

**IT IS SO ORDERED.**

                                                           :
                                    Initials of Preparer         AB

---

[3] The Court GRANTS Defendants' unopposed Request for Judicial Notice. (Docket No. 14-2.)